IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | Criminal No.   5:23-CR-482 (BKS) |
| ) | |
| **v.** ) | |
| ) | |
| **ANTHONY BEVERLY,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

## UNITED STATES' SENTENCING MEMORANDUM

The defendant, Anthony Beverly, is a felon who possessed three firearms, extended magazines, and hundreds of rounds of ammunition at his apartment in Syracuse. He also possessed with intent to distribute methamphetamine, fentanyl, cocaine, and a synthetic cathinone. For the reasons set forth below, the government respectfully recommends that the Court impose a sentence at the high end of the advisory guidelines range.

**I.   OFFENSE CONDUCT**

On October 26, 2023, a girl in Syracuse called 9-1-1 to report that she found two men stabbed and bleeding outside a Syracuse residence. When police arrived, they found a man covered in blood on the front stairs of the defendant's residence. The man was dead. Nearby, another man—the defendant—was also bleeding profusely. He was taken to the hospital where he was treated in the ICU.

The police followed a trail of blood from the dead man into the apartment entrance, up the stairs into the defendant's apartment. During the execution of a search warrant, police searched the defendant's bedroom. There they found a safe containing some of the defendant's identification cards and two firearms—one of which had a loaded magazine attached. In the defendant's bedroom closet, police found a third firearm, with an extended magazine containing 14 rounds of ammunition inserted. There was also an ammunition box that contained more than

550 rounds of ammunition of various calibers. Elsewhere in the apartment, police recovered two drum-style extended ammunition magazines, each capable of holding 50 rounds, and approximately 50 additional rounds of ammunition.

The police also found different types of drugs in the apartment, in distribution quantities. Those drugs included 24 grams of cocaine base, 9.9 grams of powder cocaine, 27.7 grams of a synthetic cathinone, 4.27 grams of fentanyl, and 2.9 grams of a mixture and substance containing methamphetamine.

The defendant waived indictment and pleaded guilty to a superseding information charging him with possession with intent to distribute controlled substances, and possession of a firearm and ammunition by a prohibited person.

## II.    PRESENTENCE REPORT

The government has no factual objections to the presentence report and agrees with the statutory maximum and mandatory minimum penalties set forth therein. Count 1 of the superseding information is punishable by up to 20 years' imprisonment and Count 2 is punishable by up to 15 years' imprisonment. Assuming that the defendant continues to accept responsibility for the offense within the meaning of U.S.S.G. §3E1.1, the total offense level is 25. With a criminal history category IV, the guidelines imprisonment range is 84 to 105 months.

## III.    SENTENCING RECOMMENDATION

### A.    Sentencing Factors

The nature and circumstances of the offense are extremely serious. The defendant sold various types of dangerous drugs: methamphetamine, fentanyl, cocaine, and a synthetic cathinone known to its users as molly. He kept these drugs at his residence (which he rented using someone else's identity). The defendant compounded the danger by possessing three firearms, extended magazines, and hundreds of rounds of ammunition in his residence. He knew

that he was prohibited from lawfully possessing any of these items, as a result of a prior felony conviction.

The nature of the offense, especially the circumstances of the firearms, firearm accessories, and ammunition, weighs in favor of a substantial sentence. Two of the handguns were loaded—one of these was loaded with an extended magazine carrying 14 rounds of ammunition. The drum magazines that the defendant possessed are the kinds of firearm accessories that increase the dangers of gun violence. These devices, when attached to the firearms, render them deadlier and more destructive by increasing the number of rounds that can be fired before reloading. It is common knowledge that "drugs and guns are a dangerous combination." *Smith v. United States*, 508 U.S. 223, 240 (1993). The defendant brought guns and drugs together in his apartment, along with ammunition and accessories designed to heighten the danger. This factor should be considered in aggravation.

The defendant's history and characteristics also contain factors that warrant a substantial sentence. His criminal history category is IV—reflecting a criminal history that dates back to his teenage years. The defendant's prior convictions include assault, petit larceny, driving while intoxicated, and possession of a forged instrument. In addition to the fact of the convictions themselves, the defendant's conduct while serving his sentences demonstrates that he has very little respect for the law.

More specifically, the defendant received a sentence of 2 to 6 years' imprisonment in 2015 as a result of a conviction for possession of a forged instrument in the first degree. Within the next 5 years of that sentence, the defendant was an absconder, was twice declared delinquent, and was twice declared in violation of his parole. The defendant incurred violations of many types both in custody and while on parole. His disciplinary infractions included being in an

unauthorized location, failing to follow direct orders, providing false information, harassment, abscondence, possessing flammable matter, committing a phone violation, being out of place, and creating a disturbance.

He did no better on release. He tested positive for cocaine and marijuana, failed to successfully complete treatment on five occasions, and failed to complete anger management as required. He also committed an additional offense while under supervision—an offense that was very similar to his initial crime. During that time, he was charged with the additional offense of criminal possession of a controlled substance in the second degree. That offense is still pending because the defendant failed to appear in court as required, prompting the issuance of a fully extraditable bench warrant.

The defendant's history demonstrates that there is a serious need in this case for the sentence to promote respect for the law, afford adequate deterrence, and provide just punishment. Despite multiple prior criminal convictions and periods of incarceration, he didn't cease his criminal activities. He escalated them. A sentence at the high end of the guidelines range would be sufficient, but no greater than necessary to accomplish these objectives, after consideration of all the factors.

      B.      **Special Conditions of Supervised Release**

The government agrees with the proposed special conditions of supervised release. These conditions are appropriate here, where the defendant has a history of substance abuse and mental health diagnoses. Recommended special condition #5 (the search condition) is appropriate in light of the defendant's history of drug use, and conduct in the instant case, which involved him possessing illicit drugs, firearms, and ammunition in his residence. These conditions will enable safe supervision by the probation officer and assist the defendant in successfully reentering society after a term of imprisonment.

## IV.  CONCLUSION

For the reasons stated above, the government respectfully recommends that the Court impose a sentence at the high end of the advisory guidelines range, followed by a term of supervised release.

Date: September 23, 2024                                     Respectfully submitted,

                                                             CARLA B. FREEDMAN
                                                             United States Attorney


                                            By:     */s/ Matthew J. McCrobie*
                                                    Matthew J. McCrobie
                                                    Assistant United States Attorney
                                                    Bar Roll No. 702739